IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CYNTHIA D. POOLE PLAINTIFF

v. Civil Action No. 3:26-cv-00789-CWR-BWR

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff Cynthia D. Poole's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) [2]. The undersigned recommends denying Plaintiff's Application [2] and requiring Plaintiff to pay the $405.00 filing fee ($350 filing fee + $55 administrative fee) to proceed with this civil lawsuit.

I. DISCUSSION

A. Legal Standard

Federal courts may permit parties to proceed *in forma* pauperis to initiate a civil action "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993) (citing 28 U.S.C. § 1915).

"Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Walter v. Brown & Root, Inc.*, 109 F.3d 766, at *1 (5th Cir. 1997) (citing *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)). A plaintiff need not be

destitute to proceed *in forma pauperis*, but poverty must prevent him from paying the filing fee and providing for himself and dependents, if any, with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *Morningstar v. St. Dominic - Jackson Mem'l Hosp.*, No. 3:22-CV-00238-CWR-LGI, 2022 WL 22761468, at *1 (S.D. Miss. May 11, 2022) (quoting *McCoy v. Colvin,* No. 13-2068, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013)).

This Court often looks to the Poverty Guidelines issued by the United States Department of Health & Human Services when determining whether a plaintiff in a civil case should be allowed to proceed without prepaying fees or costs. *See Annual Update of the HHS Poverty Guidelines,* 91 FR 1797-01, 2026 WL 104480 (Jan. 15, 2026); *see also Shepard v. U.S. Postal Inspection Serv.,* No. 2:21-cv-00106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021) (collecting cases), *R. & R. adopted,* 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021).

B. <u>Analysis</u>

Plaintiff's Application indicates that her income is $2,880.00 per month, and no person relies on her for support. Appl. [2] at 2-3. The applicable Poverty Guideline for a one-person household is $15,960.00. Annual Update of the HHS Poverty Guidelines, 91 FR 1797-01, 2026 WL 104480 (Jan. 15, 2026). Plaintiff's expected annual household income for this year is $34,560.00, which well exceeds the Poverty

Guideline.

Plaintiff should be required to pay the $405.00 filing fee ($350 filing fee + $55 administrative fee). If she fails to pay the filing fee, the undersigned recommends that this matter be dismissed without prejudice and without further notice to Plaintiff.

## II. RECOMMENDATION

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [2] should be DENIED and Plaintiff required to pay the $405.00 filing fee ($350 filing fee + $55 administrative fee). Should Plaintiff fail to pay the filing fee, the undersigned recommends that this matter be dismissed without prejudice and without further notice to Plaintiff.

## III. NOTICE OF RIGHT TO OBJECT/APPEAL

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED**, this 5th day of October 2026.

s/ Bradley W. Rath

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE